### STILLMAN COOPER. *vs.* ERASTUS ROBINSON.

Where an executrix, who had sold real estate under a license from the probate court, neglected to make and execute a deed thereof, until after a year from the granting of the license, but, in all other respects, the proceedings were according to law, as required by the statute of 1840, *c.* 97, it was held, that the sale was rendered valid by that act, notwithstanding the executrix was described in the order of court containing the license, in the condition of the bond given by her prior to the making of the sale, and in the deed of conveyance, as the "administratrix on the estate" of her testator.

Where, upon the sale of real estate by an executor, under a license from the probate court, the provisions of the Rev. Sts. *c.* 71, § 38, have been complied with, it is no objection to the validity of the sale, that it was not made until after four years from the granting of letters testamentary to such executor.

A license to sell the real estate of his testator may be granted to an executor, after the expiration of four years from the taking out of his letters testamentary.

THIS was a writ of entry, brought for the recovery of a piece of land containing four acres and one hundred and fourteen rods, situated in Northbridge. The case was submitted to the court upon the following agreed statement of facts: —

John Cooper, of Northbridge, who was the owner of the premises in question, and from whom both parties claimed title, died, leaving a will which was proved on the 26th of May, 1818, and which contained the following among other clauses : —

"I give and bequeath unto my beloved wife Lydia Cooper the improvement and income of one third of the land lying west of the road leading by my house, with the improvement of all the house during her life."

"I further give and bequeath to my youngest son Stillman Cooper the improvement and income of all my lands (excepting that which is bequeathed to my beloved wife) during his life, and the improvement and income of my beloved wife's thirds, after her decease, I will and bequeath to my son Stillman Cooper, if he shall then be living, during his life."

"And further, I will and order, as to all the residue and remainder of my personal estate, goods, chattels of what kind and nature soever, to be disposed of for the payment of my debts. And as I am owing more money than I have owing

to me, I authorize and empower my executrix hereafter named, to sell and convey by a good and sufficient deed so much of my real or freehold estate, as shall be sufficient to pay all my debts together with the expense arising from my last sickness and funeral charges."

"And I hereby appoint my beloved wife Lydia Cooper sole executrix of this my last will and testament."

Lydia Cooper accepted the trust of executrix, and gave bond for the due performance of her duties as such.

The demanded premises were set out to her, by commissioners appointed by the court of probate for that purpose, on the 18th of November, 1818, as the one third of the real estate, the use and improvement of which were devised to her by her husband.

It being necessary to resort to a sale of the real estate of John Cooper, for the payment of his debts, the executrix filed a petition in the court of probate, on the 7th of December, 1824, and obtained license and authority to make such sale, on the first Tuesday of January, 1825. The executrix, before proceeding to sell in pursuance of the license, gave the bond and took the oath required by law. In the order of the probate court, containing the license, and in the condition of the bond, she is described as " Lydia Cooper, administratrix on the estate of John Cooper," and not as executrix.

In pursuance of the license from the probate court, the executrix, on the 25th of May, 1825, offered for sale at public auction the premises demanded in this suit, as the real estate of the testator; and the tenant, being the highest bidder for the same, became the purchaser thereof for the sum of $164·71.

Two deeds of the premises so sold were made, executed, and delivered by the executrix to the tenant.

In the first of these deeds, which is dated the 25th of May, 1825, the day of the sale, the grantor, describing herself as "a single woman, widow," for the consideration of $164·71, paid to her by Erastus Robinson, the tenant, conveyed the premises in question to him, and his heirs, &c., in the following

16 *

terms: — "a piece of land situate in the northerly part of Northbridge, being a part of the real estate which John Cooper, late of Northbridge, died seized and possessed of, and that part which was set off to me, said Lydia, as my third, and the same land and house, which the honorable court of probate has ordered and decreed I said Lydia should sell for the payment of debts due from the estate of the said John Cooper, deceased, and was set off to me, said Lydia, as follows, viz." This deed purported to convey a fee simple to the grantee, and contained the usual covenants of warranty.

In the second deed, the grantor, describing herself as the "administratrix on the estate of John Cooper, late of Northbridge, deceased, intestate," and reciting the license and the proceedings preliminary to a sale, and that pursuant to the license, &c., she did sell at public vendue, on the premises, a tract of land, "being the remainder of the real estate of said John Cooper," to Erastus Robinson (the tenant) "for the sum of $164·71, he being the highest bidder therefor," in consideration of that sum paid her by Robinson, and by virtue of the power and authority vested in her by the license, conveyed the premises to Robinson in fee simple, with the usual covenants contained in deeds of that description. This deed was not executed until more than a year after the granting of the license, namely, on the 23d of February, 1826.

The sale of the premises was necessary for the payment of the testator's debts; the license therefor was duly obtained; legal notice of the time and place of sale was given; the tenant was a *bona fide* purchaser; the price for which the land was bid off was paid by him; and the proceeds of the sale were duly applied to the payment of John Cooper's debts, and regularly accounted for.

The executrix, on the first Tuesday of July, 1820, rendered her first and only account, which was allowed, and a balance found due thereon to her of $229·22.

The demandant claimed an estate for life, commencing on the 12th of February, 1845, when Lydia Cooper died, in the demanded premises, under the will of his father John Cooper.

The tenant claimed under the sale above mentioned and the two deeds from Lydia Cooper to him.

*S. H. Allen,* for the demandant.

1. The premises being devised to Lydia Cooper, the testator's widow and executrix, for her life, with remainder to the plaintiff for his life, and the executrix having also by the will a power to sell for the payment of debts, the first deed, in which she conveys the estate to the tenant, in general terms, may be considered either as a conveyance of her interest, or as an execution of the power to sell, or both, according to the intention. But as the deed contains no reference to the power of sale, and only refers to the license from the probate court, which had nothing to do with the power, the deed affords no evidence of any intention, on the part of the grantor, to execute the power. 4 Kent, (4th ed.) 328, 329, 330, 334.

2. The second deed, purporting to be made in pursuance of the license and under which the tenant also claims, is void, on two grounds. In the first place, the license itself was void, being granted for the payment of a debt which was then barred by the statute of limitations respecting executors and administrators. *Allen, Petitioner,* 15 Mass. 58 ; *Wellman v. Lawrence,* 15 Mass. 326 ; *Emerson v. Thompson,* 16 Mass. 429 ; *Heath v. Wells,* 5 Pick. 140. But, secondly, assuming that the license was valid, it was in force only for one year, and was not executed by a conveyance of the land, until more than a year after it was granted. *St.* 1817, c. 190, § 12 ; *Macy v. Raymond,* 9 Pick. 285. This defect is not cured by the *St.* of 1840, c. 97, because the grantor describes herself in the proceedings under the license as administratrix, when she was in fact executrix, and had no authority to interfere in any other capacity. If she had been truly described, the question would have arisen, whether the conditions, upon which the statute confirms conveyances made more than a year after the license, had been complied with.

*B. F. Thomas,* for the tenant.

1. The first deed was a valid conveyance of the whole

estate, in virtue of the power to sell. Whether a deed shall operate merely upon the grantor's interest, or in execution of a power, depends upon the intention; and it is for the court to decide, upon all the circumstances, in each particular case, what the grantor's intention is. If it be doubtful, whether the intent is to convey merely the grantor's interest, or to execute a power of sale, the former is to be presumed. 4 Kent, (6th ed.) 335 ; 2 Hilliard on R. P. 564; *Cox* v. *Chamberlain*, 4 Ves. 631; *Roach* v. *Wadham*, 6 East, 209. In the present case, the intention of the grantor, to convey the whole estate which she had authority to convey, is manifest not only from the language of the deed, but from the fact, that the sale was made for the purpose of raising funds to pay the testator's debts.

2. The second deed, under which the tenant also claims title, which was made in execution of the license from the probate court, it is admitted, would be void, — not having been made within a year from the granting of the license, — if it did not come within the provisions of the statute of 1840, *c.* 97. But the facts agreed show, that all the conditions of that statute have been complied with. The misdescription of the grantor is of no importance. An executor differs from an administrator only in this, that the former is named by the deceased, the latter by the law ; their official functions are identical. Rev. Sts. *c.* 71 ; Williams on Ex. 601.

3. A more important question is, whether the license to sell, *not being granted until after the expiration of the period of* limitation for the bringing of actions against executors and administrators, was properly granted. *St.* 1788, *c.* 66 ; 1817, *c.* 190, §§ 10, 11, 12, 13 ; 1818, *c.* 112, § 3. These statutes limit the bringing of actions against executors and administrators to four years. But it by no means follows, that the lien on the real estate for the payment of debts is discharged, and that the estate is no longer liable, after the expiration of the four years. . The executor may waive the statute of limitations. The case of *Heath* v. *Wells*, 5 Pick. 140, is a direct authority, it is admitted, against the granting of a license after

the period of limitation.* But, in none of the cases relied upon by the court, in that case, as the grounds of the decision, was this point necessarily involved. See *Brown* v. *Anderson*, 13 Mass. 201; *Scott* v. *Hancock*, 13 Mass. 162; *Allen, Petitioner*, 15 Mass. 58; *Emerson* v. *Thompson*, 16 Mass. 429. These cases, upon examination, will not be found to prove that the lien upon the real estate of a deceased debtor, for the payment of his debts, is absolutely discharged by the lapse of the four years; but that there is still a discretion remaining in the executor, for the due exercise of which he may be liable on his bond. *Hudson* v. *Hulbert*, 15 Pick. 423.

The present case, however, is clear of any such difficulty. Here the executrix paid the debts of the testator out of her own funds, within the period of limitation, and then applied to the judge of probate for license to sell real estate, in order to reimburse herself. The application was made to and determined by the judicial discretion of the probate court; consequently, it could only be questioned by appeal; and no appeal having been taken, the decision cannot now be controverted. *Allen, Petitioner*, 15 Mass. 58; *Richmond, Petitioner*, 2 Pick. 567; *Hudson* v. *Hulbert*, 15 Pick. 423.

WILDE, J. This case depends on the validity of the tenant's title. The demandant claims title under the will of his father, John Cooper; and the tenant under two deeds from Lydia Cooper, the executrix of John Cooper's will, which contained a power for her to sell such part of his real estate as might be necessary for the payment of his debts. The demandant objects, that, by Lydia Cooper's first deed to the tenant, the power was not well executed; as no reference is made to the power, and as the executrix had an interest in the premises sold, the same having been set out to her as her third in the testator's estate. In such case, the general rule of construction is, that the conveyance is to be applied to the interest, and not to the power, unless it appears that the intention of the grantor was to execute the power. And the tenant's counsel contends. that such intention does appear by the

deed ; it being a conveyance of a fee simple estate, and as it is alleged to be sold for the payment of the testator's debts. 4 Kent, 335.

But we have not found it necessary to decide this question of construction, as we are of opinion that the tenant took a valid title in virtue of the subsequent sale, under the license from the judge of probate. To the validity of this sale several objections have been urged. The first objection is, that the sale was made by Lydia Cooper, as administratrix of the testator's estate, and not as the executrix of his will. But we are of opinion, that this is not such a misnomer or misdescription of the capacity in which the executrix acted as to invalidate the sale. By law, she was bound to administer the testator's estate, and to render a true account of her administration, and might therefore be described as administratrix, as well as executrix, although the latter would be the more appropriate description.

The second objection is, that the deed was not made until more than a year after the license was granted. But this objection cannot be maintained since the *St.* of 1840, *c.* 97, which in terms extends to past as well as future sales. The facts agreed bring this case within that statute.

The remaining objection is, that the sale was not made until after four years from the time when the executrix took out letters testamentary, and gave notice thereof as the law directs. But we are of opinion that there is no foundation for this objection. By the Rev. Sts. *c.* 71, § 38, it is provided, that in case of an action, relating to any estate sold by an executor or administrator, in which an heir, or other person claiming under the deceased, shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear, 1st. That the executor or administrator was licensed to make the sale by a court of competent jurisdiction ; 2d. That he gave bond approved by the judge of probate ; 3d. That he took the oath prescribed by the statute ; 4th. That he gave notice of the time and place of sale according to the statute ; and, 5th. That the

premises were sold accordingly by public auction, and are held by one who purchased them in good faith.

All these requisites to support this sale appear by the statement of facts. It is denied, however, by the plaintiff, that it was competent for the court to grant the license after the four years. It has, however, been frequently decided otherwise. It was so decided in the case of *Allen, Petitioner*, 15 Mass. 58, although in that case the license was refused, the court holding they had a discretionary power in that respect. And so it was decided in the case of *Richmond, Petitioner*, 2 Pick. 567, and in that of *Hudson* v. *Hulbert*, 15 Pick. 423. In the latter case, the license had been granted after the four years had elapsed; and it was decided, that the sale was not rendered void by that circumstance. And we have no doubt of the correctness of these decisions.

*Demandant nonsuit.*